# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MCBEAN,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY; and BY REFERRAL ONLY, INC.,<br><br>                Defendants. | Case No.: 18cv166-MMA (JLB)<br><br>**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT**<br><br>[Doc. No. 52] |

      Plaintiff Keith McBean, Trustee of the Teresa McGee Living Trust dated January 4, 2012 ("Plaintiff"), filed this action for relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against Defendants United of Omaha Life Insurance Company ("United") and By Referral Only, Inc. ("Referral") alleging causes of action for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3). Doc. No. 14 ("FAC"). The Court previously entered summary judgment in favor of United and Referral on Plaintiff's first cause of action for recovery of benefits, in favor of United on Plaintiff's second cause of action for equitable surcharge, and in favor of Plaintiff and against Referral on Plaintiff's second cause of action for equitable

1

18cv166-MMA (JLB)

surcharge. Doc. No. 46 ("Order"). On May 2, 2019, Plaintiff filed a notice of appeal to the Ninth Circuit. Doc. No. 53.

On April 30, 2019, Plaintiff filed a motion to alter or amend the judgment entered against him and in favor of United on Plaintiff's first cause of action for recovery of benefits. Doc. No. 53-1 ("Mtn."). United filed a response in opposition. Doc. No. 61 ("Oppo."). Plaintiff did not file a reply. *See* Docket. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 67. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## JURISDICTION AND LEGAL STANDARD

"Once a notice of appeal is filed, the district court is [generally] divested of jurisdiction over the matters being appealed." *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Motions to alter or amend judgment under Federal Rule of Civil Procedure 59 are identified in Rule 4(a)(4)(A). Fed. R. App. 4(a)(4)(A)(iv). Plaintiff has filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Mtn. Accordingly, the Court has jurisdiction over this motion.

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). Under Rule 59(e), it is appropriate to alter or amend a previous ruling or judgment if "'(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th

Cir. 2001)). Clear error or manifest injustice is established when "'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## DISCUSSION

Plaintiff argues the Court's decision was made in clear error and is manifestly unjust for two reasons: (1) "the weight of authority supports that the waiver doctrine should be applied where an insurer knowingly accepts premiums from an employee who is not eligible for coverage[;]" and (2) United waived "the notice of portage election," which "would not expand coverage provided for under the policy," but rather "bypass a procedural requirement . . . ." Mtn. at 3-8. United opposes Plaintiff's arguments on the merits, but also avers that it inappropriately attempts to relitigate matters which were already decided by the Court. Oppo. at 5-10. Motions for reconsideration pursuant to Rule 59(e) may not be used to relitigate issues already decided by the Court or to raise arguments "'that could have been raised prior to entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Here, Plaintiff's arguments where explicitly raised and addressed in the Court's Order.

First, Plaintiff contends that the waiver doctrine applies "where an insurer knowingly accepts premiums from an employee who is not eligible for coverage." Mtn. at 7. The Ninth Circuit has recognized that "[s]everal district courts in [the Ninth Circuit] have held that waiver 'cannot be used to create coverage beyond that actually provided by an employee benefit plan.'" *Salyers v. Metr.o Life Ins. Co.*, 871 F.3d 934, 941 n.4 (quoting *Flynn v. Sun Life Assurance Co. of Canada*, 809 F. Supp. 2d 1175, 1187 (C.D. Cal. 2011)). However, "where, as here, premium payments have been accepted despite the plan participant's alleged noncompliance with policy terms, 'giving effect to the waiver . . . does not expand the scope of the ERISA plan; rather it provides the Plaintiff with an available benefit for which he paid.'" *Id.* (quoting *Gaines v. Sargent Fletcher, Inc.*, 329 F. Supp. 2d 1198, 1222 (C.D. Cal. 2004)). Plaintiff maintains that this language

3

"does not adopt the . . . limitation that waiver cannot be used to create coverage beyond that actually provided by an employee benefit plan" and, even if it does, there is an exception that an insurer waives its defense to coverage where it "obtained an 'unjust benefit' by continuing to receive premiums while knowing that it has a defense to coverage[.]" Mtn. at 6. As noted by United, the Court addressed this argument in its Order:

> Plaintiff contends that where premium payments have been accepted despite the plan participant's alleged noncompliance with policy terms, waiver does not expand the scope of coverage, but rather provides the plan participant with an available benefit for which she paid. However, the cases cited by Plaintiff are inapposite. In those cases, the plan participants were covered to a certain extent under the relevant plans, but due to noncompliance with policy terms the plan participants were not eligible for enhanced coverage. . . . Here, waiving the "active work" requirement would expand the scope of coverage by covering employees not contemplated by the Policies.

Order at 11 n.6 (citations omitted). Having distinguished *Salyers* and the other cases Plaintiff relied upon, the Court explained that "[b]y arguing that United waived the 'active employment' requirement, Plaintiff essentially asks the Court to rewrite the terms of the Policies to continue coverage for ineligible employees by paying premiums. This, in no uncertain terms, is a request to create coverage beyond that which the parties originally bargained." *Id.* at 11 (citations omitted). The Court found that because "no coverage existed at the time of Decedent's death[,] [a]ny attempt to find coverage requires creating coverage." *Id.* at 11-12 (citations omitted). Thus, the Court previously rejected this argument. As noted above, Rule 59(e) may not be used to "rehash[] . . . previously-rejected arguments." *Milano v. Carter*, 599 F. App'x 767, 768 (9th Cir. 2015); *see also Exxon Shipping Co.*, 554 U.S. at 485 n.5.

Second, Plaintiff asserts that "by accepting premiums knowing that decedent was not actively at work, [United] was not waiving the 'actively at work' requirement, but rather was waiving the notice of electing continuation of coverage [under the Voluntary Life policy] through portage." Mtn. at 8. The Court likewise addressed this argument in

4

its Order, explaining that "Plaintiff has adduced insufficient evidence of an intentional and voluntary relinquishment of United's right to require a written request for continued coverage pursuant to the Voluntary Life Policy's portability provision." Order at 12. Again, Plaintiff re-raises the same argument here—which is inappropriate in a Rule 59(e) motion. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5; *see also Milano*, 599 F. App'x at 768.

## CONCLUSION

Based on the foregoing, Plaintiff's motion asks the Court to relitigate issues already decided by the Court. Motions for reconsideration under Rule 59(e) may not be used for this purpose. Accordingly, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED**.

Dated: June 20, 2019

Hon. Michael M. Anello
United States District Judge