1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    KEITH MCBEAN,                          Case No.:  18cv166-MMA (JLB)

12                              Plaintiff,
                                            **ORDER GRANTING IN PART AND**
13    v.                                    **DENYING IN PART PLAINTIFF'S**
                                            **MOTION FOR ATTORNEYS' FEES**
14    UNITED OF OMAHA LIFE                   **AND PREJUDGMENT INTEREST**
      INSURANCE COMPANY; and BY
15    REFERRAL ONLY, INC.,

16                              Defendants.  [Doc. No. 59]

17

18         Plaintiff Keith McBean, Trustee of the Teresa McGee Living Trust dated January

19   4, 2012 ("Plaintiff"), filed a motion for attorneys' fees and prejudgment interest shortly

20   after judgment was entered in this case.  Doc. No. 59 ("Mtn.").  Defendant By Referral

21   Only, Inc. ("Referral") filed a response in opposition [Doc. No. 62 ("Oppo.")], to which

22   Plaintiff replied [Doc. No. 66 ("Reply")].  The Court found the matter suitable for

23   determination on the papers and without oral argument pursuant to Civil Local Rule

24   7.1.d.1.  Doc. No. 67.  For the reasons stated herein, the Court **GRANTS IN PART AND**

25   **DENIES IN PART** Plaintiff's motion.

26   //

27   //

28

                                          1

Plaintiff filed this action for relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against Defendants United of Omaha Life Insurance Company ("United") and Referral alleging causes of action for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3). Doc. No. 14 ("FAC"). The Court previously entered summary judgment in favor of Plaintiff and against Referral on Plaintiff's second cause of action for equitable surcharge for the face value of the Policies, or $143,550.00, and against Plaintiff on all other claims. Doc. No. 46 ("Order").

## MOTION FOR ATTORNEYS' FEES

Plaintiff requests an award of attorneys' fees in the amount of $98,640.00 pursuant to 29 U.S.C. § 1132(g)(1) because he achieved success on his claim for equitable relief and the factors set forth by the Ninth Circuit in *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) support a fee award. *See* Mtn at 6-9. Plaintiff further contends the amount of fees requested is reasonable under the lodestar analysis. *Id.* at 9-16. Referral opposes an award of attorneys' fees, arguing the factors set forth by *Hummell* do not support a fee award and if an award is warranted, the fees should be reduced to $40,590.00. Oppo. at 3-8.

## A. Entitlement to Attorneys' Fees

ERISA authorizes a court, in its discretion, to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Analyzing whether a fee award is appropriate in a particular case is a two-step process. First, the Court must decide whether the litigant "has achieved some degree of success on the merits" that is more than "trivial" or "procedural." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)). Second, if the litigant has achieved some degree of success on the merits, the Court considers the *Hummell* factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of

fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell*, 634 F.2d at 453.

The *Hummell* factors "are intended to guide the court's exercise of its discretion," but, "none is necessarily decisive; various permutations and combinations can support an award of attorney fees." *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 749 (9th Cir. 1994) (citations and quotation marks omitted). Additionally, courts in the Ninth Circuit "ordinarily grant a prevailing beneficiary in an ERISA action reasonable attorneys' fees and costs, absent special circumstances cautioning against it." *Boston Mut. Ins. v. Murphree*, 242 F.3d 899, 904 (9th Cir. 2001).

### 1. Some Degree of Success on the Merits

"[T]he court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." *Hardt*, 560 U.S. at 255 (internal quotation marks omitted). Here, judgment was entered on the second cause of action in favor of Plaintiff and against Referral. Order. The parties do not dispute that Plaintiff achieved some degree of success on the merits. *See* Oppo. Thus, the Court finds that it has the statutory discretion to award Plaintiff attorneys' fees and turns to weighing the *Hummell* factors. *See Hardt*, 560 U.S. at 255; *see also Simonia*, 608 F.3d at 1121.

### 2. Referral's Culpability or Bad Faith

Plaintiff argues this factor is met because the Court found Referral breached its fiduciary duty by "wrongly advising decedent that she need not do anything other than to continue to pay premiums to maintain her life insurance after she became too ill to continue full-time employment." Mtn. at 3. Referral essentially argues it did not act in bad faith. *See* Oppo. at 3-4. "Although bad faith is a factor that would always justify an award, it is not required." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th

18cv166-MMA (JLB)

Cir. 1984).  Here, the Court did not specifically find that Referral acted in bad faith.  *See* Order at 17-18 (explaining that a statement is a misrepresentation even when the person misinforms by saying that something is true when they do not know whether it is true or not).  However, "from a legal perspective, [Referral is] 'culpable' in that [it was] found to owe Plaintiff a legal duty that [it was] not fulfilling."  *See Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1248 (N.D. Cal. 2008).  Accordingly, this factor weighs in favor of awarding fees.

### 3. Referral's Ability to Satisfy an Award of Fees

Referral contends it does not have the ability to satisfy an award of fees.  Oppo. at 4.  "The relative ability of the parties to satisfy an award of fees is . . . relevant.  Generally, when an employee participant brings suit under ERISA, whether it is against the trustees or the employer, the resources available to the pensioner are limited."  *Smith*, 746 F.2d at 590.  Thus, "while the opposing party's inability to satisfy an award weighs against awarding fees, evidence that the opposing party is able to pay does not affirmatively weigh in favor of awarding fees."  *Mull v. Motion Picture Indus. Health Plan*, No. LA CV 12-06693-VBF, 2017 U.S. Dist. LEXIS 135347, at *19 (C.D. Cal. Feb. 27, 2017).

Here, Jeff Robbins, the managing director of Referral, declares that Referral "is in financial straits and . . . reports a loss of approximately $45,000.00 in 2017, a loss of approximately $53,000.00 in 2018, and for Q1 of the current year, a loss of approximately $49,000.00."  Doc. No. 62-1 ("Robbins Decl.") ¶ 4.  Robbins further declares Referral cannot afford the judgment entered against it, does not have the ability to raise the money, and "is struggling to stay in business as it is" because "any debt will threaten the continued viability of the company."  *Id.*  Plaintiff avers that this is insufficient evidence of Referral's inability to pay because it does not provide a "clear

4

picture of its financial status."[1]  Reply at 4.  For example, Plaintiff asserts that Referral "failed to provide more concrete information such as a financial statement, profit and loss statements or a company balance sheet."  *Id.* at 4.  While Referral's evidence is not overwhelming, Plaintiff presented the Court with no contrary evidence.  Thus, the Court finds this factor weighs slightly in favor of Referral.[2]

## 4. Deterrence of Others in Similar Circumstances

This factor requires the Court to consider whether an award of fees against Referral would deter others from similar conduct in the future.  Plaintiff argues that because the Court clarified "the duties and obligations as the administrator of the Plan, [Referral] most likely will not be as careless in the future in carrying out those duties."  Mtn. at 9.  Referral appears to argue awarding fees would not deter others from similar conduct because the information Referral provided to Decedent was mistaken, not made in bad faith and not purposefully incorrect.  *See* Oppo. at 4 (explaining that Referral is "guilty of committing an honest mistake").  "ERISA does not authorize an award of compensatory or punitive damages for bad faith behavior."  *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1033 (N.D. Cal. 2011).  "As a result, courts acknowledge that an award of attorneys' fees and costs is a way of deterring violations of ERISA."  *Id.*; *see also*

---

[1] Plaintiff also argues that Referral may ultimately be able to pay the fee award if the Ninth Circuit reverses this Court's decision in a separate case that Referral's insurance company owed no duty to defend Referral in the instant lawsuit.  Reply at 5.  The Court declines to address this argument, as it is speculative.

[2] If the Court finds Referral unable to pay his attorneys' fees, Plaintiff requests he be afforded an opportunity to perform post-judgment discovery.  Reply at 6-7.  Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  However, this rule is used "to enforce the judgment by way of the supplemental proceedings."  *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978).  Plaintiff does "not provide any authority for permitting this kind of discovery before the Court has entered a money judgment (here, by way of an award of attorneys' fees), and such discovery would not be appropriate in this situation.  *See Black v. Greater Bay Bancorp Exec. Supplemental Comp. Benefits Plan*, No. 16-cv-00486-EDL, 2018 WL 1510084, at *5 (N.D. Cal. 2018).

*Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 ("If defendant employers face the prospect of paying attorney's fees for successful plaintiffs, they will have added incentive to comply with ERISA."). Here, "an award of fees would not act as a deterrence against bad faith conduct, but it would deter [Referral] and other plan administrators from making representations to participants without ensuring the accuracy of the information provided." *O'Rourke v. Farmers Grp., Inc.*, No. SACV 17-00279 JVS (JCGx), 2018 U.S. Dist. LEXIS 220967, at *5-6 (C.D. Cal. Aug. 14, 2018). Thus, this factor weighs in favor of a fee award.

### 5. Benefit of Other Participants or Resolution of a Significant Legal Issue

Plaintiff does not argue that he sought to benefit other plan participants and, instead, argues the Court resolved a significant legal issue—whether advising employees how to retain coverage constitutes a breach of fiduciary duty. Mtn. at 9; Reply at 6. Referral contends this factor weighs against a fee award because "[n]o other participants and beneficiaries . . . are or will be affected" and "this matter [does not] resolve a significant legal question regarding ERISA." Oppo. at 4. The Court finds that whether Referral's misrepresentation regarding Decedent's eligibility for coverage is not a significant legal question regarding ERISA. *See O'Rourke*, 2018 U.S. Dist. LEXIS 220967, at *6 (finding whether willful misconduct or bad faith was an essential element of the breach of fiduciary duty for misrepresentation not a significant legal question); *see also Wayne v. Pac. Bell*, 238 F.3d 1048, 1055 (9th Cir. 1999) (finding an employer breached its fiduciary duty under ERISA by actively misinforming its employees, which includes "saying that something is true when the person does not know whether it is true or not"). As such, this factor weighs against a fee award.

### 6. The Relative Merits of the Parties' Positions

"The relative merits of the parties' positions, is, in the final analysis, the results obtained by the plaintiff." *Smith*, 746 F.2d at 590. Here, judgment was entered in favor of Plaintiff and against Referral on the second cause of action. *See* Order. Accordingly, this factor weighs in favor of a fee award.

18cv166-MMA (JLB)

## 7. Conclusion

Although the Court is aware that Referral may be of limited financial resources and thus may be unable to pay Plaintiff's attorneys' fees, the Court finds that the *Hummell* factors, taken as a whole, militate in favor of an award to Plaintiff.

## B. Amount of Fee Award

The Court next turns to the appropriate amount of fees to be awarded in this case. Reasonable attorneys' fees under ERISA are calculated using a hybrid lodestar/multiplier approach. *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). First, "the court calculates the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying [it] by a reasonable hourly rate." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Second, a court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "A 'strong presumption' exists that the lodestar figure represents a 'reasonable fee,' and therefore, it should only be enhanced or reduced in 'rare and exceptional cases.'" *Fischer*, 214 F.3d at 1119 n.4 (citation omitted).

### 1. Lodestar Figure

Plaintiff calculates his lodestar amount at $98,640.00 by multiplying the number of hours his attorneys, Mr. Stennett and Ms. Casino, spent on this action (164.4 hours) by their hourly rate ($600 per hour). *See* Mtn. at 11-16.

#### a. *Reasonable Hours*

Generally, the Court should defer to the winning lawyer's professional judgment as to how much time the case required. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012). Counsel should exclude hours that are "excessive, redundant, or otherwise unnecessary" and the Court should decrease the hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434. A district court "may not uncritically accept a fee request," and is obligated to review the time billed and assess whether it is

18cv166-MMA (JLB)

reasonable in light of the work performed and the context of the case.  *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002).

Counsel submitted a four-page chart showing that Mr. Stennett and Ms. Casino spent 164.4 hours working on the case.  Doc. No. 59-4 ("Fee Chart").  These hours were spent on tasks such as communicating with Plaintiff, reviewing the administrative records and insurance policies, and briefing various motions.  *See id.*  The administrative record in this case was over 500 pages and the long-term disability record was over 120 pages.  *See* Doc. Nos. 32-7—32-16.  The briefing on Plaintiff's motion for summary judgment and response to United's cross-motion for summary judgment exceeded 60 pages.  Doc. Nos. 32, 39, 40, 42; *see also* Fee Chart.   Counsel for Plaintiff also briefed a motion for reconsideration and the instant motion.  *See* Doc. Nos. 59, 66; *see also* Fee Chart at 3-4.

Referral does not contend the hours expended are unreasonable.  *See* Oppo.  Upon review of the fee chart, the hours expended are not excessive, redundant, or otherwise unnecessary.  Moreover, it appears that the hours expended in this case are comparable to other similar ERISA cases.  *See Dmuchowsky v. Sky Chefs, Inc.*, No. 18-cv-01559-HSG (DMR), 2019 U.S. Dist. LEXIS 73752, at \*40 (N.D. Cal. May 1, 2019) (finding 167.4 hours reasonable in an ERISA action resolved on summary judgment); *Bergman v. Fed. Express Corp. Long Term Disability Plan*, No. 16-cv-1179-BAS (KSC), 2018 U.S. Dist. LEXIS 106879, at \*15 (S.D. Cal. June 25, 2018) (finding 121.85 hours reasonable where there were cross motions for summary judgment); *Barboza v. Cal. Ass'n of Prof'l Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 U.S. Dist. LEXIS 73529 at \*33-34, (E.D. Cal. June 2, 2016) (finding 157.3 hours reasonable in an ERISA action resolved on summary judgment).  Accordingly, Plaintiff's counsel reasonably expended 164.4 hours on this action.

### b.     *Reasonable Hourly Rate*

Determination of a reasonable hourly rate requires consideration of market rates for attorneys with "the experience, skill, and reputation of the attorney requesting fees." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quotation marks and

citation omitted). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Absent opposing evidence, the proposed rates are presumed reasonable. *Id.*

Here, counsel have submitted persuasive evidence showing that the market supports the requested hourly rate. Mr. Stennett, a partner at his firm, has practiced law for 42 years and spent most of his career representing clients in ERISA governed claims. Doc. No. 59-2 ("Stennett Decl.") ¶¶ 3-4. Ms. Casino, a principal in the firm, has practiced law for 39 years and has 13 years of experience litigating ERISA cases. Doc. No. 59-3 ("Casino Decl.") ¶¶ 3-6. Additionally, counsel submitted declaration testimony from Glenn Kantor, a respected ERISA litigator with 30 years of experience. Doc. No. 59-5 ("Kantor Decl.") ¶¶ 2-5. Mr. Kantor declares that in 2018 partners in his firm charged $750 per hour. Kantor Decl. ¶ 8. Mr. Kantor also declares that he believes the hourly rates requested by Mr. Stennett and Ms. Casino are reasonable and supported by the market. Kantor Decl. ¶¶ 11-12. Counsel also submitted declaration testimony from Russell Petti, an attorney with over 30 years of experience. Doc. No. 59-6 ("Petti Decl.") ¶ 4. Mr. Petti has roughly 23 years of experience litigating ERISA cases. Petti Decl. ¶ 6. Mr. Petti's current hourly rate in ERISA cases is $700 per hour. Petti Decl. ¶ 10. He declares that Mr. Stennett and Ms. Casino's requested hourly rates are reasonable and supported by the market. Petti Decl. ¶ 15.

As such, Counsel have submitted evidence showing that hourly paying clients will pay higher than their requested rate for comparable representation. *See* Stennett Decl, Casino Decl, Kantor Decl., Petti Decl. Moreover, Referral does not argue the hourly rate is unreasonable. *See* Oppo. Accordingly, the Court finds the requested rate of $600 per hour is reasonable.

## 2. Lodestar Adjustment

Having determined the reasonable hourly rate and hours expended, the Court next determines whether it should adjust the lodestar based on factors not subsumed in its

18cv166-MMA (JLB)

initial calculation. *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 36d 833, 857 (N.D. Cal. 2017). Referral contends Plaintiff's hours should be reduced due to Plaintiff's partial success. Oppo. at 6. In particular, Referral requests the Court reduce Plaintiff's hours by the number of hours expended "toward the litigation with United," including reducing hours for work directed at both Referral and United by one half. *Id.* at 7-8. Plaintiff replies that the claims against United and Referral were so intertwined to his ultimately successful claim against Referral that the time spent on claims against United should not be separated out. *See* Reply.

To determine whether to reduce a fee award for limited success, courts ask two questions. *See Hensley*, 461 U.S. at 434. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment . . . ." *Id.* at 436-37.

In the instant case, Referral does not contend that the unsuccessful claims were unrelated to the successful claim. *See* Oppo. Instead, its only argument is that the fees requested are not justified in light of the partial success achieved. *See id.* at 7-8. Because Referral does not argue that the unsuccessful claims are unrelated to the successful claim, the Court considers only the second question of the limited success analysis. With respect to this question, the Court agrees that there should be a reduction of fees due to limited success.

There is no dispute that Plaintiff achieved only limited success because, although he prevailed on his second cause of action against Referral, he did not prevail on his first cause of action against either defendant or his second cause of action against United. *See* Order. The hours spent on the litigation, particularly with respect to the hours spent litigating claims against and defenses raised by United, were not "reasonably necessary to

18cv166-MMA (JLB)

obtain the relief that was ultimately obtained" by Plaintiff—*i.e.*, Plaintiff was not entitled to recovery of benefits and United did not breach a fiduciary duty.

Specifically, the Court notes that United filed a cross-motion for summary judgment against Plaintiff, which focused exclusively on the claims against United. United's motion for summary judgment was granted. As such, Plaintiff was not successful with respect to those claims. Thus, the Court will reduce the hours spent solely on litigating United's cross-motion for summary judgment and Plaintiff's motion for reconsideration, which involves only the claims against United. *See Echague v. Metro. Life Ins. Co.*, 69 F. Supp. 3d 990, 997 (9th Cir. 2014) (suggesting that if there were a separate motion for summary judgment against a separate defendant, the court would reduce the number of hours reasonably expended due to limited success). This amounts to 30 hours (28.8 hours related to United's cross-motion for summary judgment and 1.2 hours relating to Plaintiff's motion for reconsideration).

### 3. Conclusion

In summation, the Court finds counsel's hourly rate of $600 reasonable and reduces the hours expended to 134.4 for hours expended solely on United's cross-motion for summary judgment and Plaintiff's motion for reconsideration regarding claims against United.

### C.    Conclusion

Based on the foregoing, the Court **GRANTS IN PART** Plaintiff's motion for attorneys' fees in the amount of $80,640.00.

### MOTION FOR PREJUDGMENT INTEREST

Plaintiff also moves the Court for an award of prejudgment interest of 7.5% compounded monthly, totaling $19,050.20. Mtn. at 19-20. Referral counters that any "interest due should be calculated as though the plaintiff had invested the withheld funds at the 52-week Treasury Bill rate and then reinvested the proceeds annually at the new rate." Oppo. at 10.

18cv166-MMA (JLB)

In ERISA cases, district courts have the discretion to award prejudgment interest. *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007). The award of prejudgment interest is intended to compensate the plaintiff for losses incurred as a result of the defendant's nonpayment of benefits. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). "Whether interest will be awarded is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985) (quotation marks and citation omitted). Appropriate considerations include whether the "financial strain" of paying prejudgment interest would injure other plan beneficiaries, and whether the defendants acted in bad faith. *See Shaw v. Int'l Ass'n of Machinists*, 750 F.2d at 1465; *see also Dishman*, 269 F.3d at 988.

Plaintiff declares that he is the trustee of the Teresa McGee Living Trust dated January 4, 2012 and that he and his three siblings are beneficiaries of the trust. Doc. No. 59-7 ("McBean Decl.") ¶¶ 1-2. He declares that after his mother, Teresa McGee, passed away and trust expenses were paid, Plaintiff "was able to distribute approximately $10,000.00 to each of the 4 children." McBean Decl. ¶ 4. He further explains that each of the children are in debt or trying "to make ends meet." McBean Decl. ¶¶ 5-6. Plaintiff has credit card debt, his brother "holds down four jobs," his sister Rita is "impoverished," and his sister Therese has business related debt "in excess of $90,000.00." *Id.* Thus, Plaintiff requests prejudgment interest be awarded at a rate of 7.5% compounded monthly because "Plaintiff's loss of the insurance benefits when due has resulted in the inability to pay off credit card debt that has resulted in a loss equal to the interest paid on that debt." [3] Mtn. at 18. Referral counters that this does not support Plaintiff's request and "[t]here are no special circumstances warranting a higher interest rate award." *See* Oppo. at 9-11.

---

[3] The Court notes that Plaintiff did not bring this action in his individual capacity, but rather brought it as the Trustee of the Teresa McGee Living Trust dated January 4, 2012. *See* FAC.

Based on Plaintiff's declaration, no losses were incurred as a result of Referral's nonpayment of benefits to the trust. *See* McBean Decl. The trust was able to pay all its expenses and distribute $10,000.00 to each of Decedent's four children. McBean Decl. ¶ 4. Rather, Plaintiff seeks to use the life insurance proceeds and any interest "to alleviate some of the financial strain" incurred from credit card debt, business debt, and general financial needs unrelated to the trust. *See* McBean Decl. ¶¶ 5-6. Further, as noted above, Referral did not act in bad faith. Accordingly, the Court, in its discretion, declines to award prejudgment interest. *See Dishman*, 269 F.3d at 988 (noting that the court may compensate a plaintiff for "the losses he incurred as a result of [the defendant's] nonpayment of benefits"); *Landwehr v. Dupree*, 72 F.3d 726, 739 (9th Cir. 1995) (affirming the district court's decision to deny prejudgment interest to the plaintiffs because "there was no evidence of bad faith").

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Plaintiff's motion and **AWARDS** Plaintiff attorneys' fees of **$80,640.00**.[4] Additionally, the Court **DENIES** Plaintiff's request for prejudgment interest.

**IT IS SO ORDERED**.

Dated:  June 24, 2019

Hon. Michael M. Anello
United States District Judge

---

[4] Plaintiff's total requested amount of $98,640.00 is reduced by $18,000.00.